IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AUTOMOTIVE INDUSTRIES PENSION TRUST FUND, JAMES H. BENO, Trustee, BILL BRUNELLI, Trustee, STEPHEN J. MACK, Trustee, JON ROSELLE, Trustee, DOUG CORNFORD, Trustee, and JAMES V. CANTERBURY, Trustee,<br><br>        Plaintiffs,<br><br>  v.<br><br>FITZPATRICK CHEVROLET INC., a California corporation; and FITZPATRICK FAMILY LLC, a Nevada limited liability company, and DOES 1–10,<br><br>        Defendants. | No. C 11-00195 WHA<br><br>**ORDER DENYING DEFENDANT'S MOTION TO DISMISS** |

## INTRODUCTION

In this action to recover withdrawal liability and for injunctive relief under ERISA, defendant's motion to dismiss is **DENIED**.

## STATEMENT

Plaintiff Automotive Industries Pension Trust Fund is a multiemployer employee pension benefit plan established pursuant to ERISA. Plaintiffs are each members of the board of trustees of Trust Fund, the "plan sponsor" under ERISA. Defendant Fitzpatrick Chevrolet Inc. was a participant in the Automotive Industries Pension Plan, which provided pension funding for

members of Automotive Machinists Lodge No. 1173 pursuant to a collective bargaining agreement with Machinists Automotive Trades District Lodge No. 190 of Northern California. Defendant Fitzpatrick Family LLC leased to defendant Fitzpatrick Chevrolet the real property on which defendant Fitzpatrick Chevrolet was located.  Defendant Fitzpatrick Chevrolet was obligated to make and made contributions to the trust on behalf of its employees covered by the collective bargaining agreement (Sec. Amd. Compl. ¶¶ 6–7, 14).

In May 2009, defendant Fitzpatrick Chevrolet ceased business operations.  It made a complete withdrawal from participation in the trust under 29 U.S.C. 1383(a).  Plaintiffs allege that defendants were under common control and thereby jointly and severally assumed withdrawal liability to the trust fund under Section 1301(b)(1) (Sec. Amd. Compl. ¶¶ 7, 9).  Plaintiffs seek (1) a judgment against defendants in the amount of their alleged withdrawal liability pursuant to Section 1399(c)(5), including interest, liquidated damages, and attorneys fees and costs pursuant to Section 1132(g)(2), and (2) an injunction compelling defendants to provide documentation of all trades or businesses that are within the control group as defined in Section 1301(b)(1) and all information regarding potential transactions to evade or avoid withdrawal liability in violation of Section 1392(c) (Sec. Amd. Compl. ¶¶ 32, 34–36).

Defendant Fitzpatrick Chevrolet made no appearance in this action and its default was entered on May 31.  It did not join the instant motion.  A stipulated judgment was entered as to defendant Fitzpatrick Chevrolet on June 9.  The judgment was in the amount of $4,284,901.37 and included interest, liquidated damages, and attorney's fees and costs (Dkt. No. 49 ¶ 3a).

Defendant FFLLC filed the instant motion on May 10, 2011.  Defendant moves to dismiss the entirety of plaintiffs' first amended complaint pursuant to Rule 12(b)(6) for failure to allege facts sufficient to state a claim that (1) Fitzpatrick Chevrolet and FFLLC were part of the same "control group" such that both defendants should be jointly and severally liable for any withdrawal liability incurred by Fitzpatrick Chevrolet, and (2) because plaintiffs have failed to sufficiently so allege, FFLLC is not required to provide any information to plaintiffs pursuant to ERISA.  This order follows full briefing and a hearing on the motion.

**ANALYSIS**

In ruling on a motion brought under Rule 12(b)(6), "dismissal is only appropriate where the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory." *Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1104 (9th Cir. 2008). A complaint "attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, [but] a plaintiff's obligation to provide the grounds of his entitle[ment] to relief requires more than mere labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations and internal quotations omitted). The complaint must contain sufficient factual matter to "state a claim for relief that is plausible on its face." *Id.* at 570. In evaluating a motion brought under Rule 12(b)(6), the allegations in the complaint and reasonable inferences drawn therefrom are taken as true. *Walter v. Drayson*, 538 F.3d 1244, 1247 (9th Cir. 2008).

### 1. WITHDRAWAL LIABILITY AND COMMON CONTROL.

Section 1381(a) states that if an employer withdraws from a multiemployer plan in a complete or partial withdrawal, then that employer is liable to the plan for the amount of its withdrawal liability. Section 1301(b)(1) provides that "all employees of trades or businesses (whether or not incorporated) which are under common control shall be treated as employed by a single employer and all such trades and businesses as a single employer." Thus, all employers under common control are jointly and severally liable for all such employers' withdrawal liability. *See Bd. of Trs. of W. Conference of Teamsters Pension Trust Fund v. Lafrenz*, 837 F.2d 892, 893 (9th Cir. 1988).

Common control for purposes of Section 1301(b) is defined in 26 C.F.R. 1.414(c)-2 and 1.414(c)-4 ("the regulations prescribed [to determine common control] shall be consistent and coextensive with regulations prescribed for similar purposes by the Secretary of the Treasury under section 414(c) of Title 26.") Common control requires that the same group of people or organizations (1) own a *controlling interest* in each business alleged to be under common control, and (2) accounting only for identical ownership, the same group of people or organizations are in

*effective control* of each business alleged to be under common control. 26 C.F.R. 1.414(c)-2(a), (c). Section 1.414(c)-2(a) defines common control as "any group of trades or businesses which is . . . a brother-sister group of trades or businesses under common control as defined in paragraph (c) of this section" (internal quotations omitted). Section 1.414(c)-2(c) defines a brother-sister group as "two or more organizations conducting trades or businesses if (i) the same five or fewer persons who are individuals, estates, or trusts own (directly and with the application of § 1.414(c)-4) *a controlling interest in each organization*, and (ii) taking into account the ownership of each such person only to the extent such ownership is identical with respect to each such organization, such persons are in *effective control* of each organization" (emphasis added).

Fitzpatrick Chevrolet undertook a complete withdrawal pursuant to Section 1383(a) when it ceased all operations in May 2009 (First Amd. Compl. ¶ 5). Defendant does not dispute this. Therefore, plaintiffs have sufficiently alleged that Fitzpatrick Chevrolet incurred withdrawal liability under Section 1381(a). If Fitzpatrick Chevrolet and FFLLC are common controlled, then they are jointly and severally liable for Fitzpatrick Chevrolet's alleged withdrawal liability. *See Lafrenz*, 837 F.2d at 893.

### A.    Controlling Interest.

A controlling interest in a corporation is defined in 26 C.F.R. 1.414(c)-2(b)(2)(A) as "ownership of stock possessing at least 80 percent of total combined voting power of all classes of stock entitled to vote of such corporation or at least 80 percent of the total value of shares of all classes of stock of such corporation." Therefore, a group of corporations alleged to be under common control must be owned by the same group that has at least a combined eighty percent ownership share of all such corporations.

Plaintiffs allege that the F. Gerard Fitzpatrick Trust, Dennis P. Fitzpatrick, and Francis G. Fitzpatrick own a combined total of 100 percent of both Fitzpatrick Chevrolet and FFLLC (First Amd. Compl. ¶ 7). Taking this allegation as true, plaintiffs have sufficiently alleged that the above-referenced persons and organizations own a controlling interest in Fitzpatrick Chevrolet

4

and FFLLC. Thus, plaintiffs have alleged that the same group of persons or entities owns a controlling interest in Fitzpatrick Chevrolet and FFLLC.

### B. Effective Control.

Effective control of a corporation is defined in 26 C.F.R. 1.414(c)-2(c)(2)(i) as when the group of people owning the corporations alleged to be in common control "own stock possessing more than 50 percent of the total combined voting power of all classes of stock entitled to vote or more than 50 percent of the total value of shares of all classes of stock of such corporation." Section 1.414(c)-2(c)(ii) requires that effective control be determined by identical ownership, which is demonstrated in Section 1.414(c)-2(e): each person's identical ownership is the lowest common amount of individual ownership in all organizations alleged to be in common control. Thus, the combined identical ownership of all organizations alleged to be in common control must be more than fifty percent.

Plaintiffs allege that the F. Gerard Fitzpatrick Trust, Dennis P. Fitzpatrick, and Francis G. Fitzpatrick own an 86.41 percent combined identical interest in Fitzpatrick Chevrolet and FFLLC (First Amd. Compl. ¶ 7). Taking this allegation as true, plaintiffs have alleged that the same group of persons or entities is in effective control of Fitzpatrick Chevrolet and FFLLC. Because plaintiffs have sufficiently alleged that the same group of persons or organizations have a controlling interest in and effective control of Fitzpatrick Chevrolet and FFLLC, plaintiffs have alleged that both such corporations are under common control for purposes of 29 U.S.C. 1301(b)(1). Therefore, plaintiffs further have sufficiently alleged that Fitzpatrick Chevrolet and FFLLC are jointly and severally liable for any withdrawal liability incurred by either entity. *Lafrenz*, 837 F.2d at 893.

\*    \*    \*

Defendant's contention that plaintiffs' allegation of ownership percentages is a mere legal conclusion is also incorrect. The percentage allegations may be exceedingly brief, but they are factual. Defendant further contends that plaintiffs have failed to allege sufficient facts to meet the requirements of 26 C.F.R. 1.414(c)-2(c)(2), because one of the alleged owners of Fitzpatrick Chevrolet and FFLLC is a trust. The regulation states in relevant part:

5

> (1) In general. The term "brother-sister group of trades or businesses under common control" means two or more organizations conducting trades or businesses if
>
>> (i) the same five or fewer persons who are individuals, estates, or trusts own *(directly and with the application of § 1.414(c)-4)* a controlling interest in each organization, and
>>
>> (ii) taking into account the ownership of each such person only to the extent such ownership is identical with respect to each such organization, such persons are in effective control of each organization. The five or fewer persons whose ownership is considered for purposes of the controlling interest requirement for each organization must be the same persons whose ownership is considered for purposes of the effective control requirement.
>
> (2) Effective control defined. For purposes of this paragraph, persons are in "effective control" of an organization if–
>
>> (i) In the case of an organization which is a corporation, such persons own stock possessing more than 50 percent of the total combined voting power of all classes of stock entitled to vote or more than 50 percent of the total value of shares of all classes of stock of such corporation;
>>
>> (ii) In the case of an organization which is a trust or estate, such persons own an aggregate actuarial interest of more than 50 percent of such trust or estate[.]

26 C.F.R. 1.414(c)-2(c) (emphasis added).

Defendant argues that the parenthetical in Section 1.414(c)-2(c) stating "directly and with the application of § 1.414(c)-4" creates a requirement that plaintiffs must plead sufficient facts to satisfy the requirements of Section 1.414(c)-4 for determining a controlling interest. At the hearing, defendant argued specifically that plaintiff pled insufficient facts to meet the requirements of Section 1.414(c)-4(b)(3), which governs how ownership of an organization by a trust is to be attributed to the beneficiaries of that trust.

Defendant is correct that, under Section 1.414(c)-2(c)(1)(i), common control of a brother-sister group of corporations must be determined with respect to any beneficiaries' actuarial interests held by a trust in accordance with Section 1.414(c)-4. Defendant is also correct that if the beneficiaries of the F. Gerard Fitzpatrick Trust do not meet the combined actuarial interest requirements in Section 1.414(c)-4, the same group of people may not be in common control of Fitzpatrick Chevrolet and FFLLC. This order finds, however, that plaintiffs have pled sufficient

6

facts to make plausible, not merely possible, their well-pled allegation that the F. Gerard Fitzpatrick Trust owned 50.75 percent of Fitzpatrick Chevrolet and 64.34 percent of FFLLC taking into account actuarial interests in the trust. This order, however, does not find that the beneficiaries of the F. Gerard Fitzpatrick Trust necessarily did own a sufficient actuarial interest to satisfy Section 1.414(c)-4. It is appropriate to move forward to discovery on this issue. Defendant will have another chance to make its argument on Section 1.414(c)-4 at summary judgment with the benefit of a fully developed evidentiary record.

### 2. REQUIREMENT TO FURNISH INFORMATION.

Pursuant to 29 U.S.C. 1399(a), "an employer shall, within 30 days after a written request from the plan sponsor, furnish such information as the plan sponsor reasonably determines to be necessary to enable the plan sponsor to comply with the requirements of this part." Plaintiffs allege that both Fitzpatrick Chevrolet and FFLLC failed to do so (First Amd. Compl. ¶ 34). Plaintiffs allege that Fitzpatrick Chevrolet actually employed employees, and is thus liable as an "employer," and that FFLLC is additionally liable under Section 1399(a) because under Section 1301(b), all entities under common control are treated as a single employer (*ibid.* at ¶ 9). Plaintiff has sufficiently alleged that Fitzpatrick Chevrolet was the actual employer, that Fitzpatrick Chevrolet and FFLLC were under common control, and, taking plaintiffs' allegations as true, that FFLLC is also liable to plaintiffs under Section 1399(a) by virtue of Section 1301(b)'s treatment of all entities under common control as a single employer.

Building on its assertion that Fitzpatrick Chevrolet and FFLLC were not under common control, defendant contends that FFLLC was not an "employer" because it had no employees, citing *Nachman Corp. v. Pension Benefit Guaranty Corp.*, 446 U.S. 359 (1980), for the proposition that the definition of "employer" contained in Title I of ERISA does not apply to Title IV.

This argument fails. In *Lafrenz*, decided eight years after *Nachman*, the defendants argued that because their truck-leasing operation had no employees, Section 1301(b), which held "employers" liable for withdrawal liability, did not apply. Defendant makes the same mistake as did the defendants in *Lafrenz*. Our court of appeals held that "liability as a single employer . . . does not hinge on whether they independently hired employees . . . but on whether [the two

7

organizations] are treated as a single business entity under the statute." *Lafrenz*, 837 F.2d at 894. Here, plaintiffs have sufficiently alleged that Fitzpatrick Chevrolet and FFLLC should be so treated. The fact that FFLLC only leased property to Fitzpatrick Chevrolet and allegedly had no employees is of no importance to FFLLC's potential liability under Section 1399(a), just as the fact of having no employees is of no importance to its potential liability under Section 1301(b). Defendant's citations to out-of-circuit decisions defining "employee," both generally and in the context of Title IV of ERISA, are inapplicable and unpersuasive.

## CONCLUSION

As stated above, plaintiffs have alleged sufficient facts that, if true, state claims for relief under Sections 1381(a) and 1399(a). Defendant's motion to dismiss is **DENIED**.

**IT IS SO ORDERED.**

Dated: June 17, 2011.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

8